Filed 07/31/26

| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|
| Chittenden Unit |  | Case No. 26-CV-00479 |
| 175 Main Street | | |
| Burlington VT  05401 | | |
| 802-863-3467 | | |
| www.vermontjudiciary.org | | |

**Zachary Overla, et al v. City of Burlington Housing Board of Review**

DECISION AND ORDER

This case involves a dispute over a security deposit.  Landlord Robert Couillard retained it when tenants Zachary Overla and Jesse Roberts[1] moved out of the apartment they had rented in Burlington.  The Burlington Housing Board of Review ("Board") concluded that, except for $75 improperly charged as a pet deposit and not challenged in this appeal, Couillard could retain the rest of the security deposit.

Overla appeals the decision.  He asserts a variety of claims, including that the Board incorrectly concluded that Couillard's statement itemizing the deductions satisfied the requirements of 9 V.S.A. § 4461(c) and the corresponding Burlington ordinance.  Counsel represents Couillard and Overla represents himself.

For the reasons that follow, the court affirms the Board's decision.

## I.     The Board's Decision

Roberts began renting the apartment from Couillard in June 2020.  Before Roberts moved in, Couillard presented him with a move-in inspection document.  Roberts noted "a few burn marks on [kitchen] counter" as the only damage.  Roberts and Overla rented the apartment together starting in February 2023 and executed a lease that April.  They had rent of $1,650 and a security deposit of $2,550.

Roberts and Overla vacated the apartment on May 31, 2025.  Couillard asked to do a move-out inspection with Roberts and Overla beforehand.  Roberts and Overla refused. Couillard described the apartment after they moved out: "It was in terrible, terrible shape . . . I don't know what happened there, but it was not in good shape at all."  Decision ¶ 6.  Couillard filled out a June 1, 2025 move-out checklist.  He submitted it to the Board at the hearing.  It included the following:

| Item | Notes and Description |
|---|---|
| Kitchen | Kitchen was a total wreck, filthy, rancid odor, spoiled food. |

---

[1] Jesse Roberts, Overla's co-tenant, does not participate in this appeal.

| Bathroom | Was filthy and disgusting, dirty & stained, chipped toilet seat, full of grime. |
|---|---|
| Living Room | Total mess + rancid odor, wall holes excessive in size + amount, carpet stained with urine + dog feces, rancid odor. |
| Bedroom 1 | Full of stuff, rancid odor, stained, stickers on wall, urine-stained carpet. |
| Bedroom 2 | Filthy + rancid odor, urine stains on carpet. |
| Hallway | Filthy with rancid odor, grime & excessive plant holes, urine stains on carpets. |

*Id.* ¶ 7.  Based on photos Couillard submitted, the Board noted:

- "significant amounts of furniture and other possessions left on the greenbelt outside the Premises, on the front lawn, outside the front door, and in every room of the Premises";
- "stickers and artwork left on the walls, an air conditioner left in one window, a mattress left in one bedroom, many plants hanging from the ceiling in multiple rooms, and possessions and garbage all over the floor";
- "significant amounts of dirt from the plants on sections of the carpet"; and
- "significant amounts of food left in the fridge."

*Id.* ¶¶ 8–10.

On June 12, 2025, Couillard sent Roberts and Overla a notice of withholding and informed them of their right to appeal.  It noted:

Carpet replaced (3 rooms + hallway), kitchen countertop,
3 outlets, walls repainted + painted (4 rooms + hallway),
repair/replaced window casing (living room),
stove/refrigerator (deep cleaning):                                      $5,038.00

Expenses required to remove abandoned tenant(s)' property:  $1,035.00
                                                                                          $6,073.00

*Id.* ¶ 14.

At the hearing, Couillard submitted a detailed itemization of what he actually spent to clean up and make repairs to the apartment.  His costs included renting a dumpster, purchasing paint, brushes, caulk, formica counter top, carpet, padding and nail strips and the disposal of air conditioner window unit, mattress and box springs.  These items totaled $3,879.55.

Couillard also submitted a receipt from Scott's Handy Man Services dated July 25, 2025, that included charges for removing carpets, cleaning all rooms of the apartment, repairing picture window molding, repairing holes in walls and ceilings, painting, removing and replacing kitchen

2

countertop, and removing the personal items and effects strewn around outside and inside the apartment, all of which totaled $1,597.50. Altogether, Couillard paid $5,477.05 to repair the damage Roberts and Overla did to the apartment and clean up what they had abandoned. *Id.* ¶¶ 25–26.

In their appeal to the Board, Roberts and Overla did not contest Couillard's evidence of damages. They challenged Couillard's withholding of their security deposit on the basis that he failed to provide an itemized list of the deductions. Overla complained that the statement "was more generalized and it was by category, not actually per item." Roberts and Overla alleged Couillard's withholding was "willful" and that they were entitled to double damages. *Id.* ¶ 15.

The Board recited the law regarding a landlord's return of a security deposit in 9 V.S.A. § 4461 and Burlington Code of Ordinances ("B.C.O.") § 18-120. The Board allowed the deductions challenged in this appeal. The Board found "the damages to the Premises were beyond normal wear and Respondent was allowed to use the deposit to remedy those damages and remove Appellants' items from the premises. Respondent also submitted evidence confirming that repairing damages to the Premises cost more than the initial deposit." *Id.* ¶ 43. The Board responded to tenants' claim:

> Regarding whether the notice of withholding included an itemized list, the Board finds that although the itemized list was not ideal because it did not itemize the cost of each individual item included, it served its purpose and the Board is cognizant that landlords have only 14 days to prepare this list which may inhibit providing further detail. The list served its purpose because the Appellants were made aware of specific items Respondent was claiming were damaged, the total amount Respondent was withholding, and Appellants were notified of their appeal rights so this could be argued in this forum.

*Id.* ¶ 40.[2]

## II.    Discussion

This court applies a deferential, on-the-record (versus de novo) review for Rule 74 appeals of Board decisions. See *In re Soon Kwon*, 2011 VT 26, ¶ 7, 189 Vt. 598, 599. "[A]bsent a clear and convincing showing to the contrary, decisions made within the expertise of administrative agencies are presumed to be correct, valid, and reasonable." *Gasoline Marketers of Vt., Inc. v. Agency of Natural Res.*, 169 Vt. 504, 508 (1999). This deferential posture applies equally to questions of law within the Board's expertise. See *In re Williston Inn Grp.*, 2008 VT 47, ¶ 12 ("We have long extended this principle of deference to agency interpretations of statutes which the Legislature has entrusted to their administration.").

"[T]he court's task is solely to determine whether there was 'any reasonable basis for the [agency's] finding[s].'" *In re Soon Kwon*, 2011 VT 26, ¶ 6. "This [c]ourt will set aside the

---

[2] At the hearing, Roberts and Overla also challenged the $30 interest on the security deposit. The Board rejected that claim and Overla does not challenge it now.

clearly erroneous findings of an administrative board, but where the record contains any credible evidence to fairly and reasonably support the findings, the board's decision will stand." *Hall v. Dep't of Soc. Welfare*, 153 Vt. 479, 486–87 (1990).

"A 'determination by the trier of fact must stand if supported by credible evidence, even if inconsistencies or contrary evidence exists.'" *MTC Vt., Inc. v. Warner*, No. 25-CV-01707, 2025 WL 2144379, at *2 (Vt. Super. Ct. July 17, 2025) (Shafritz, J.) (citations omitted). "The court does not 'reweigh the evidence or assess the credibility of witnesses' because that is the province of the Board as the trier of fact." *South River, LLC v. Burlington Housing Bd. of Review*, No. 25-CV-3481, 2026 WL 374677, at *2 (Vt. Super. Ct. Feb. 03, 2026) (Shafritz, J.) (citation omitted).

Overla alleges that Couillard overstated in the notice the amount he needed to spend to clean up and repair the apartment. No one challenges the timing or delivery of the notice or its contents otherwise.

Neither 9 V.S.A. § 4461 nor B.C.O. § 18-120 specifies the level of detail the landlord's security deposit deduction notice must provide. See 9 V.S.A. § 4461, B.C.O. § 18-120. The portion of the statute addressing a landlord's forfeiture only addresses a landlord's obligation "to return the security deposit with a statement within 14 days." 9 V.S.A. § 4461(e). The itemization provision in subsection (c) includes no separate enforcement mechanism. *Id.* § 4461(c).

This court could not locate any Vermont decisions that address this topic. In other circumstances, this court has noted that § 4461 "relates only to timing [of the notice], not to whether the amounts deducted were proper." *Anders v. Yeager*, Case No. 376-4-19 Cncv, at 7 (Jan. 19, 2021) (Toor, J.); see also *In re Soon Kwon*, 2011 VT 26, ¶¶ 17–20 (noting forfeiture provision of § 4461 and city ordinance applies to landlord's failure to comply with method of delivery of notice and informing tenants of their right to hearing before Board). In *Barry v. Khamnei*, No. 2012-421, 2013 WL 2922540, at *2 (Jun. 12, 2013) (unpub. mem.), the landlord described but did not itemize withholding some of the tenant's security deposit. The Vermont Supreme Court found that complied with the statute's requirements. *Id*. at *4–5; *see id*. at *5 ("We agree with the trial court that, although landlord's reasons were not ultimately persuasive, they were sufficient for purposes of the statute.").

In this case, Couillard testified he rented a dumpster to remove the tenants' "abandoned property" and that the expense of the dumpster depended on the weight of the items being hauled away. Decision, ¶ 28. In addition, Couillard only knew how much Scott's Handy Man Services would actually charge after it completed the work. The amount Couillard estimated ($6,073) reasonably approximated what he actually paid ($5,477.05). Couillard's total damages exceeded his deductions from Overla and Roberts' security deposit.

Under Rule 74 and the cases noted at the outset of this section, the court finds the Board had a reasonable basis for its decision here. Couillard timely and sufficiently notified Roberts and Overla of the damaged areas of the apartment (carpets, kitchen countertop, three outlets, walls needing paint, window casing in one room, cleaning of stove/refrigerator, and removal of

abandoned property).  Couillard provided a reasonable estimate that exceeded the amount of Roberts' and Overla's security deposit.  The Board permissibly concluded that Couillard's estimate satisfied the notice requirement of 9 V.S.A. § 4461 and B.C.O. § 18-120.

The court does not reach Overla's unpreserved claims.  He tried to rely on documents not presented to the Board at the hearing.  He also tried to make new arguments not raised before the Board.  "[I]ssues not raised [before an administrative agency] are unpreserved, and this [c]ourt will not review them on appeal." *Follo v. Florindo*, 2009 VT 11, ¶ 14, 185 Vt. 390 (citation omitted).  "'To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court [or agency] a fair opportunity to rule on it.'" *Zlotoff Found., Inc. v. Town of S. Hero*, 2020 VT 25, ¶ 33, 212 Vt. 63 (quoting *State v. Ben-Mont Corp.*, 163 Vt. 53, 61 (1994)); accord *State v. Gurung*, 2025 VT 52, ¶ 5 (party that fails to raise argument at trial forfeits right to raise it on appeal) (citation omitted).  The court may not address Overla's unpreserved assertions or evidence.

## III.    Order

For the reasons discussed above, the court affirms the Board's decision.

Electronically signed pursuant to V.R.E.F. 9(d) on July 31, 2026.

Colin Owyang
Superior Court Judge